IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Demetrius Jarod Smalls, # 286806, | ) C/A No.: 2:14-3215-RMG-WWD |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| JC Nicholson and Ira Grossman, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Demetrius Jarod Smalls ("Plaintiff" or "Smalls"), proceeding pro se and in forma pauperis, brings this civil action against JC Nicholson, a South Carolina Circuit Court Judge, and Ira Grossman, "corporation counsel" and prosecutor for the Town of Mount Pleasant, South Carolina. (See Dkt. No. 1 at 2, 10 of 25.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to

commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff, who is currently incarcerated at Lieber Correctional Institution of the South Carolina Department of Corrections, filed the instant action pursuant to 42 U.S.C. § 1983. As noted above, Plaintiff names two Defendants in the instant case: JC Nicholson, a South

Carolina Circuit Court Judge, and Ira Grossman, "corporation counsel of the Town of Mount Pleasant" and "prosecutor." (See Dkt. No. 1 at 2, 10 of 25.)

The instant case is Plaintiff's most recent attempt at challenging a 2004 Mount Pleasant Municipal Court conviction.[1] His latest federal case, however, arises out of dissatisfaction with the outcome of a 2013 state court case, Smalls v. Town of Mount Pleasant Municipal Court, Civ. A. No. 2013-CP-10-4356 (hereinafter referred to as the "state court case"), wherein Plaintiff sought to challenge his 2004 conviction. (See Dkt. No. 1.) In his state court case, Plaintiff attempted to challenge his 2004 Mount Pleasant convictions for "no driver's license" and "interference with officer" (2004-010174). (See Dkt. No. 1 at 5-6 of 25.) Judge Nicholson, a Defendant in the case *sub judice*, dismissed Plaintiff's state court case in April of 2014. (See Dkt. No. 1 at 2, 7 of 25.) Plaintiff alleges that Judge Nicholson "deprived the Plaintiff of his liberty interest to have summary judgment" in the state court case when Judge Nicholson granted "the dismissal requested by Defendant Grossman." (Dkt. No. 1 at 7 of 25.) According to Plaintiff, Defendant Grossman "is legally responsible for operating to deprive the Plaintiff of his liberty to

---

[1] In Smalls v. Michel, et al., Civ. A. No. 2:14-958-RMG-BHH, Plaintiff named the following as defendants: Michael, the "Municipal Court Judge in the town of Mount Pleasant"; Kirvin, the "Municipal Court Administrator in the Mount Pleasant Municipal Court"; Lombard, the "Charleston County Centralized Bond Hearing Court Judge"; and Grossman and Pagliarini, "Corporation Counsel of the Town of Mount Pleasant." (See Dkt. No. 1 in Civ. A. No. 2:14-958-RMG-BHH.) Plaintiff alleged therein that he is "challenging the interpretation of the underlying (state) statutes and court rules governing the decision in case no. 2004-010174," and that he
> seeks injunctive relief to terminate the Mount Pleasant Municipal Court from depriving the Plaintiff of his United States Constitutional Right to Due Process of Law, by such corporation suppressing the order of entry of judgment, sentencing sheets, and etc. from the Plaintiff. Such act deprives the Plaintiff of his right to subject the prosecution to a meaningful adversarial challenge, by collaterally attacking the subject matter jurisdiction issue in case no. 2004-010174 on post-conviction relief.

(Dkt. No. 1 at 1 in Civ. A. No. 2:14-958-RMG-BHH.) Judge Gergel dismissed Smalls v. Michel, et al., Civ. A. No. 2:14-958-RMG-BHH, in an order dated May 28, 2014. (See Dkt. No. 16 in Civ. A. No. 2:14-958-RMG-BHH.)

3

exercise post-trial civil remedy to have judgment as a matter of law to obtain a reversal of his conviction and/or new trial in case no. 2004-010174." (Dkt. No. 1 at 2 of 25.) In the April 2014 order at issue in the case *sub judice*, Judge Nicholson treated Petitioner's filings as an appeal from the municipal court; Judge Nicholson affirmed the lower court's decision, and dismissed all of Petitioner's motions, because the appeal was not timely. Plaintiff seeks relief in the instant federal case, asserting that in the state court case, Defendants did not comply with Rule 56 of the South Carolina Rules of Civil Procedure. (Dkt. No. 1 at 1-11 of 25.)

Plaintiff seeks, *inter alia*, the following relief: (a) a declaration that Defendants violated Plaintiff's constitutional rights; (b) an injunction "ordering defendants to adhere to the Due Process and Equal Protection of Law rights guaranteed by the US Constitution" and " to have the Ninth Circuit Court of Common Pleas voluntarily dismiss case no. 2004-010174"; and (c) compensatory damages. (See Dkt. No. 1 at 23, 14 of 25.)

## DISCUSSION

As noted above, Plaintiff has sued a state Circuit Court Judge as well as a prosecutor. (See generally Dkt. No. 1.) Plaintiff's suit should be summarily dismissed for several reasons.

The instant case should be dismissed because Plaintiff's attempt to challenge the state court's decision in federal court is prohibited by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that "lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with the superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see also District of Columbia Ct. App.

v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The doctrine "precludes federal 'review of adjudications of the state's highest court [and] also the decisions of its lower courts.'" Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (quoting Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir. 1997)). In a 2005 opinion, the United States Supreme Court clarified the scope of the Rooker-Feldman doctrine, stating,

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Subsequently, the Fourth Circuit stated,

> Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker–Feldman doctrine does not apply.

Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006).

In the instant case, Plaintiff attempts to sue the state court judge and the prosecutor because Plaintiff is unhappy with the results of his state court case. This is precisely the paradigm of cases prohibited by the Rooker-Feldman doctrine. See Davani, 434 F.3d at 719 ("[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court."); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) ("[A] party losing

5

in state court is barred from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); Perry v. South Carolina, Civ. A. No. 2:13-cv-2186 DCN, 2013 WL 5428556, at *5 (D.S.C. Sept. 26, 2013) ("As Plaintiff is claiming that she was injured by decisions made and outcomes reached in Dorchester County courts, to rule in Plaintiff's favor on her constitutional claims would, necessarily, require this Court to overrule and reverse orders and rulings made in the state courts. Such a result is prohibited under the Rooker–Feldman doctrine."). Plaintiff's Complaint should therefore be dismissed.

In addition to the Rooker-Feldman bar, Plaintiff's claims for money damages fail. Judge Nicholson is immune from monetary damages because "[i]t has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985); see also Mireles v. Waco, 502 U.S. 9 (1991).[2] As a prosecutor, Defendant Grossman is also immune from Plaintiff's claim for monetary damages. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (stating that a prosecutor has immunity for performing functions "intimately associated with the

---

[2]Plaintiff's argument that Judge Nicholson acted in "complete absence of all jurisdiction," (Dkt. No. 1 at 18 of 25), is without merit. See Stump v. Sparkman, 435 U.S. 349, 359-60 (1978) ("Because the court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions.").

6

judicial phase of the criminal process"); Nivens v. Gilchrist, 444 F.3d 237, 249-50 (4th Cir. 2006).

As noted above, Plaintiff's request for relief is not limited to monetary damages; Plaintiff also seeks injunctive and declaratory relief. Although judicial immunity does not protect judges from suits for declaratory relief,[3] see Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); see also Allen v. Burke, 690 F.2d 376, 378 (4th Cir. 1982) (holding, pre-Pulliam v. Allen, 466 U.S. 522 (1984), that "judicial immunity does not extend to injunctive and declaratory relief under 42 U.S.C. [§ ] 1983"), and prosecutorial immunity does not protect prosecutors from suits for injunctive or declaratory relief, see, e.g., Supreme Court of Va. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980), Plaintiff's claims for declaratory and injunctive relief are subject to dismissal nonetheless. Plaintiff seeks a declaration that Defendants violated his rights in the past. He is not entitled to such a declaration. See Blakeney v. Marsico, 340 F. App'x 778, 780 (3d Cir. 2009) ("[E]ven if defendants[, a judge and a district attorney,] violated [the plaintiff's] rights in the past as he alleges, he is not entitled to a declaration to that effect."); Johnson v. McCuskey, 72 F. App'x 475, 477-78 (7th Cir. 2003) (noting the plaintiff was "not seeking declaratory relief in the true legal sense" where the plaintiff asked the "district court to 'declare' that Magistrate Judge Bernthal and Judge McCuskey acted improperly in various ways when

---

[3] In addition, Plaintiff is not entitled to injunctive relief against Judge Nicholson. See Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006); Lawrence v. Kuenhold, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); see also Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984), was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended § 1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)).

7

deciding the motion for a change of venue" and stating, "Declaratory judgments are not meant simply to proclaim that one party is liable to another.").

Furthermore, while Plaintiff crafted the claims in this action carefully, in substance Plaintiff seeks to challenge his 2004 conviction. (See generally Compl.) He cannot, however, seek a reversal of his conviction through the instant civil action. See Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (a case applying Preiser v. Rodriquez, 411 U.S. 475 (1973), to dismiss a civil rights action for injunctive relief under Bivens that would overturn a conviction); see also Edwards v. Balisok, 520 U.S. 641 (1997) ("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342, at *2 (11th Cir. Jan. 31, 2007) (affirming district court's dismissal of state prisoner's complaint seeking declaratory and injunctive relief, concluding the claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994)). The undersigned recommends dismissing Plaintiff's Complaint.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 20, 2014
Charleston, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).